UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CESAR HERNANDEZ, | No. 2:20-cv-1912 CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| T. POTTS, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

    Plaintiff is a California prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. On October 13, 2020, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A(a). Plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has filed an amended complaint.

    As plaintiff now knows, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

    In his amended complaint, plaintiff asserts that he has a general right rising under federal law to communicate with medical providers outside of plaintiff's prison without correspondence

or medical records being reviewed by prison officials. To the extent such a right is created under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1320d, et seq., federal courts have found that there is no private right of action, e.g. United States v. Streich, 560 F.3d 926, 935 (9th Cir. 2009). Plaintiff fails to point to any other laws suggesting he has a right not to have mail either to or from medical providers reviewed by prison staff.

Plaintiff also complains about the processing of prisoner grievances. However, prisoners do not have "a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Accordingly, the prison grievance procedure does not confer any substantive constitutional rights upon inmates and actions in reviewing and denying inmate appeals generally do not serve as a basis for liability under section 1983. Id.

In all other respects, the allegations in plaintiff's amended complaint are too vague to state a claim arising under federal law.

In light of the foregoing, plaintiff's amended complaint must be dismissed. Upon dismissal of plaintiff's original complaint, the court provided plaintiff with instructions and guidance as to how plaintiff might state a claim upon which relief could be granted. Considering the instructions given, and the contents of the amended complaint, it appears granting leave to amend a second time would be futile. Accordingly, the court will not grant leave to amend and recommend that this case be closed.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended complaint be dismissed; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 16, 2020

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
hern1912.14(2)

3