UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CESAR HERNANDEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>T. POTTS, et al.,<br><br>  Defendants. | No.  2:20-cv-1912 WBS CKD P<br><br><br>ORDER |

    Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  On December 16, 2020, the court recommended that plaintiff's amended complaint be dismissed and this case be closed.  Plaintiff objects to the court's recommendation.  In part, he seeks leave to file a second amended complaint.  Good cause appearing, the court will vacate the December 16, 2020 findings and recommendations.  Plaintiff's amended complaint will be dismissed, but plaintiff will be granted leave to file a second amended complaint.

    In drafting his second amended complaint, plaintiff should refer to the court's October 13, 2020 order and the December 16, 2020 findings and recommendations.  In addition, plaintiff is informed as follows:

    1. Prison officials generally cannot retaliate against inmates for exercising First Amendment rights.  <u>Rizzo v. Dawson</u>, 778 F.2d 527, 531 (9th Cir. 1985).  Because a prisoner's First Amendment rights are necessarily curtailed, however, a successful retaliation claim requires

1 a finding that "the prison authorities' retaliatory action did not advance legitimate goals of the
2 correctional institution or was not tailored narrowly enough to achieve such goals." Id. at 532.
3 The plaintiff bears the burden of pleading and proving the absence of legitimate correctional
4 goals for the conduct of which he complains.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).
5     Also, in order to state a claim for retaliation, plaintiff must point to facts indicating a
6 causal connection between the adverse action and the protected conduct.  Watison v. Carter, 668
7 F.3d 1108, 1114 (9th Cir. 2012).
8     2.  In order to state a cognizable claim for violation of due process plaintiff must allege
9 facts which suggest that he was deprived of a protected liberty interest.  With respect to
10 conditions of confinement, such liberty interests are "generally limited to freedom from restraint
11 which, while not exceeding the sentence in such an unexpected manner as to give rise to
12 protection by the Due Process Clause of its own force, [citations omitted], nonetheless impose[]
13 atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."
14 Sandin v. Connor, 515 U.S. 472, 484 (1995).
15     3.  To adequately plead an equal protection violation, plaintiff must allege he has been
16 treated differently from others with whom he is similarly situated and that the unequal treatment
17 was the result of intentional or purposeful discrimination.  Freeman v. Arpaio, 125 F.3d 732, 737
18 (9th Cir. 1997).
19     As plaintiff has been informed before, the court cannot refer to a prior pleading in order to
20 make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended
21 complaint be complete in itself without reference to any prior pleading.  This is because, as a
22 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
23 F.2d 55, 57 (9th Cir. 1967).
24     Accordingly, IT IS HEREBY ORDERED that:
25     1. The court's December 16, 2020 findings and recommendations are vacated;
26     2. Plaintiff's amended complaint is dismissed; and
27     3. Plaintiff is granted thirty days from the date of service of this order to file a second
28 amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

of Civil Procedure, and the Local Rules of Practice.  The second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."  Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  January 13, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
hern1912.lta