UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CESAR HERNANDEZ, | No. 2:20-cv-1912 WBS CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| T. POTTS, et al., | |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. On January 13, 2021, plaintiff was granted leave to file a second amended complaint. The second amended complaint was filed January 25, 2021.

As plaintiff knows, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words,

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Throughout his second amended complaint, plaintiff asserts a right rising under federal law to communicate with medical providers outside of plaintiff's prison without correspondence or medical records being reviewed by prison officials. As plaintiff already knows from a prior screening order, to the extent such a right is created under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1320d, et seq., federal courts have found that there is no private right of action, e.g. United States v. Streich, 560 F.3d 926, 935 (9th Cir. 2009). Plaintiff's allegations concerning the review of his medical records and correspondence by prison officials fail to state a claim under any other federal law. To the extent plaintiff attempts to plead a claim arising under California law with respect to the review of his medical records, or in any other respect, plaintiff fails to plead compliance with the California Tort Claims Act. See Cal. Gov't Code § 910 et seq.; Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d. 1470, 1477 (9th Cir. 1995).

Plaintiff alleges he has been retaliated against for filing lawsuits and prisoner grievances. However, these allegations are conclusory and vague. Furthermore, as plaintiff has been informed before, because a prisoner's First Amendment rights are necessarily curtailed, a successful retaliation claim requires a finding that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d 527, 531, 532 (9th Cir. 1985). Plaintiff bears

/////

the burden of pleading the absence of legitimate correctional goals for the conduct of which he complains, Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995), which plaintiff has not done.

Finally, plaintiff complains about the processing of prisoner grievances as he did in prior pleadings. As plaintiff has already been informed, prisoners do not have "a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Accordingly, the prison grievance procedure does not confer any substantive constitutional rights upon inmates and actions in reviewing and denying inmate appeals generally do not serve as a basis for liability under section 1983. Id.

In all other respects, the allegations in plaintiff's second amended complaint are too vague to state a claim arising under federal law.

In light of the foregoing, plaintiff's second amended complaint must be dismissed for failure to state a claim upon which relief can be granted. Considering the advice provided to plaintiff in prior orders, providing plaintiff another opportunity to amend appears futile.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's second amended complaint be dismissed; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 2, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/hern1912.frs(2)